COOLEY LLP
HEIDI L. KEEFE (178960) (hkeefe@cooley.com)
DANIEL J. KNAUSS (267414) (dknauss@cooley.com)
SARAH B. WHITNEY (292974) (swhitney@cooley.com)_
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:     (650) 843-5000
Facsimile:     (650) 849-7400

CASIMIR JONES, S.C.
DAVID A. CASIMIR (dacasimir@casimirjones.com)
KIRK J. HOGAN (kjhogan@casimirjones.com)
2275 Deming Way, Suite 310
Middleton, WI 53562-5527
Telephone:     (608) 662-1277
Facsimile:     (608) 662-1276

Attorneys for Plaintiff
HORUS VISION, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORUS VISION, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLIED BALLISTICS, LLC, a Michigan limited liability company, and APPLIED BALLISTICS, INC., an Indiana corporation,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Horus Vision, LLC ("Horus Vision"), by its undersigned attorneys, and for its Complaint against Applied Ballistics, LLC and Applied Ballistics, Inc. (collectively "Defendants" or "Applied Ballistics"), states and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement, injunctive relief, and damages arising out of the infringement of United States Patent Number 8,893,971 ("the '971 patent" and "the patent-in-suit"). The patent in suit relates to target acquisition devices such as telescopic gunsights, associated software systems and components for increasing shooting accuracy, and methods of using the same. This action arises under the patent laws of the United States and is based on an actual controversy between the parties with respect to the infringement of the '971 patent. A true and correct copy of the '971 patent as it appears at the United States Patent and Trademark Office website is attached as Exhibit A.

## PARTIES

2. Plaintiff Horus Vision is incorporated under the laws of the State of California and has a principal place of business at 659 Huntington Avenue, San Bruno, California, 94066.

3. Upon information and belief, Defendant Applied Ballistics, LLC is incorporated under the laws of the State of Michigan and has a principal place of business at 25 South Main Street, Cedar Springs, Michigan 49319.

4. Upon information and belief, Defendant Applied Ballistics, Inc. is incorporated under the laws of the State of Indiana and has a principal place of business at 310 Indianapolis Road, Bldg. E-4, Mooresville, Indiana 46158.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement, injunctive relief, and damages arising under the United States Patent Act, 35 U.S.C. §§ 1 *et seq.* Jurisdiction and venue are conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1391(b) and (c).

6. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants conduct business throughout the United States and in this District, have engaged and continue to engage in infringing activities in this District, and have placed and continue to place infringing products into the stream of commerce, with knowledge or understanding that such products are sold in the State of California, including in this District. Upon information and belief, Defendants purposefully avail themselves of the privilege of conducting activities in California, thus invoking the benefits and protections of the laws of California. Defendants' acts have caused and continue to cause injury to Horus Vision within this District.

8. Venue in this Court is proper under 28 U.S.C. § 1391 because Defendants conduct business in this District, engage in infringing activities in this District, are subject to personal jurisdiction in this District, and have had and continue to have substantial contacts with this forum. In addition, venue is proper because Horus Vision's principal place of business is in San Bruno, in this District, and Horus Vision has suffered and continues to suffer harm in this District.

**FACTS**

9. Horus Vision is a company engaged in the business of selling products in the fields of ballistics, firearm scopes, reticles, and ballistics computer software, and is the owner by valid assignment of the '971 patent, entitled "Apparatus and Method for Calculating Aiming Point Information," which relates to the aforementioned fields, and which was duly and legally issued November 25, 2014. Horus Vision may enforce the '971 patent.

10. On information and belief, Defendants have developed, manufactured, imported, used, offered to sell, and/or sold, and continue to develop, manufacture, use, offer to sell, and/or sell, ballistics computer software intended for use with ballistics calculations and target acquisition devices under the name APPLIED BALLISTICS, including, but not limited to, the APPLIED BALLISTICS MOBILE APPLICATION for the Android mobile operating system, and the APPLIED BALLISTICS MEDIA MOBILE APPLICATION for the iOS mobile operating system. Both the Android and iOS mobile operating systems are offered for sale and

sold by Applied Ballistics.

11.     Defendants have had actual knowledge of the claims of the '971 patent since no later than July 14, 2014.

12.     On June 11, 2013, Horus Vision's counsel sent a letter via Federal Express to Mr. Bryan Litz of Applied Ballistics informing Applied Ballistics that its software impinges on Horus Vision patents and offering Applied Ballistics the ability to obtain a license.

13.     Horus Vision's counsel sent a follow-up letter via electronic mail and U.S. mail on July 1, 2013 to Mr. Bryan Litz and requesting that Applied Ballistics contact Horus Vision's counsel to bring the Applied Ballistics products into compliance with the patents.

14.     After providing Applied Ballistics an opportunity to obtain a license to its patents, and after Applied Ballistics refused to acknowledge certain claims issued to Horus Vision in U.S. Patent No. 7,937,878 ("the '878 patent"), Horus Vision filed a complaint on November 25, 2013 in United States District Court Northern District of California (Case 5:13-cv-05460-BLF) against Applied Ballistics for patent infringement, injunctive relief and damages arising out of infringement of the '878 patent.

15.     Horus Vision's counsel sent a letter via electronic mail on June 18, 2014, informing Applied Ballistics' patent counsel of three United States patent applications filed by Horus Vision.  The electronic mail included the claims as filed and further offered Applied Ballistics the ability to obtain a license to the applications.  Horus Vision's counsel sent a follow-up letter via electronic mail to Applied Ballistics on July 14, 2014 that included as attachments preliminary amendments including the claims filed in two of the three U.S. applications.  The claims provided to Applied Ballistics on July 14, 2014 for U.S. Patent Application Serial No. 14/307,153 are identical in scope to the claims that issued in the '971 patent, the patent in suit.

16.     Applied Ballistics has refused to acknowledge Horus Vision's patents, cease its infringing activities, or compensate Horus Vision for damages caused by its infringement.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '971 patent)

17. Horus Vision incorporates by reference the allegations of paragraphs 1 through 16 above, as if fully set forth herein.

18. On information and belief, Defendants have been infringing at least claim 1 of the '971 patent, and are still infringing the '971 patent, in violation of 35 U.S.C. § 271, by, at least, their activities in connection with the aforementioned ballistic calculators and ballistics computer software.  Such software systems include, but are not limited to, the APPLIED BALLISTICS MOBILE APPLICATION for the Android mobile operating system and the APPLIED BALLISTICS MEDIA MOBILE APPLICATION for the iOS mobile operating system.  Defendants have infringed and continue to directly infringe at least claim 1 of the '971 patent by importing, making, using, selling, and/or offering to sell in the United States one or more ballistics computer software products, including but not limited to those identified in this Complaint, in violation of 35 U.S.C. § 271.

19. On information and belief, Defendants have been inducing the infringement of at least claim 1 of the '971 patent, and are still inducing the infringement of the '971 patent, in violation of 35 U.S.C. § 271, by, at least, their activities in connection with the aforementioned ballistics computer software systems and ballistic calculators.  Such software systems include, but are not limited to, the APPLIED BALLISTICS MOBILE APPLICATION for the Android mobile operating system and the APPLIED BALLISTICS MEDIA MOBILE APPLICATION for the iOS mobile operating system.  Defendants induce direct infringement of the asserted claims by customers and end users in the United States by assisting, facilitating, and encouraging others to perform acts known by Defendants to infringe the '971 patent, while knowing that these acts constitute patent infringement.  Defendants have had actual knowledge of the claims of the '878 patent since no later than July 14, 2014.  Defendants specifically intend its customers to use the accused products in a directly infringing manner with ballistics calculator devices of the type claimed in the '971 patent.  Defendants advertise and promote the infringing products, offer detailed product information on the webpage appliedballisticsllc.com, and offer support and assistance to customers, who directly infringe the '971 patent.  Defendants also provide

instruction manuals that teach customers and end users to use the accused products in a manner that directly infringes the '971 patent. Defendants have intentionally taken action that has actually induced and continues to induce direct infringement by customers and end users in the United States, have had actual knowledge of the claims of the '971 patent, and have known that the acts they have caused and continue to cause infringe the '971 patent. These acts include, but are not limited to, Defendants' promotion, offer to sell, and sale of Defendants' infringing ballistics computer software products to customers and end users in the United States. Defendants know of the asserted patent, knowingly induce infringing acts, and possess the specific intent to encourage others' infringement of the asserted patent. Defendants have induced infringement and continue to induce infringement of the claims of the '971 patent by importing, making, using, selling, and/or offering to sell in the United States one or more ballistics computer software products, including but not limited to those identified in this Complaint, in violation of 35 U.S.C. § 271.

20. Defendants' infringement of the '971 patent has been and continues to be willful and deliberate.

21. Defendants' infringement of the '971 patent will continue unless enjoined by this Court.

22. As a direct and proximate consequence of Defendants' infringement of the '971 patent, Horus Vision has suffered, is suffering, and unless enjoined by the Court, will continue to suffer injury, for which Horus Vision is entitled to damages pursuant to 35 U.S.C. § 284 of an amount to be proven at trial.

23. As a direct and proximate consequence of Defendants' infringement of the '971 patent, Horus Vision has suffered, is suffering, and unless enjoined by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which Horus Vision is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. That the claims of the '971 patent are valid and enforceable.

B. That Defendants be held to have infringed the patent-in-suit.

C. For the entry of an order preliminarily and permanently enjoining Defendants, their subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with them, or any of them, from infringing, contributing to the infringement of, and inducing infringement of the patent-in-suit, and specifically from directly or indirectly making, using, importing, selling, or offering for sale, any products embodying the inventions of the patent-in-suit during the life of the claims of the patent-in-suit, without the express written authority of Horus Vision.

D. That Defendants be directed to fully compensate Horus Vision for all damages attributable to Defendants infringement of the patent-in-suit in an amount according to proof at trial, including, but not limited to, reasonable royalties and lost profits.

E. For an award of enhanced damages, pursuant to 35 U.S.C. § 284.

F. That Defendants be ordered to deliver to Horus Vision, for destruction at Horus Vision's option, all products that infringe the patent-in-suit.

G. That Defendants be required to account for all gains, profits, advantages, and unjust enrichment derived from its violations of law.

H. For an award of pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284.

I. That Defendants be required to pay Horus Vision its costs of suit, including its attorneys' fees pursuant to 35 U.S.C. § 285.

J. That Horus Vision have such other, further, and different relief as the Court deems proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Horus Vision hereby demands a trial by jury of all issues triable of right by a jury in the above-captioned case.

| | | |
|---|---|---|
| 1 | Dated: November 25, 2014 | COOLEY LLP<br>HEIDI L. KEEFE |
| 2 | | DANIEL J. KNAUSS |

/s/ *Daniel J. Knauss*

Daniel J. Knauss
Attorneys for Plaintiff
HORUS VISION, LLC