# EXHIBIT 1

**EXHIBIT A**
**Joint Claim Construction and Prehearing Statement – Patent L.R. 4-3**
*Horus Vision, LLC v. Applied Ballistics, LLC et al.*, **5:14-cv-05206-BLF-HRL**
**U.S. Patent 8,893,971**

| CLAIM TERM | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE[1] | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE[2] |
|---|---|---|
| **ballistics calculator** ('971 Patent, claims 1, 1(a), 1(b), 12, 13) | Plain meaning.<br><br>Proposed Construction:<br><br>If a construction is required, the element should be construed to mean "a device that calculates ballistics information"<br><br>Intrinsic Evidence:<br><br>'971 Patent: Figures 18a-h; Figure 42; Col. 6: line 7 – Col. 7: line 5; Col. 8: line 44-64; Col. 10: lines 23-30; Col. 12: lines 54-56; Col. 18: lines 9-12; Col. 17: lines 56-62; Col. 19: line 58 – Col. 20: line 67; Col. 21: line 24 – Col. 22: line 59; Col. 23: line 27-45; Col. 27: line 6-34; Col. 29: line 52 – Col. 43: line 53; Col. 46: lines 11-13; Col. 47: line 2-10; Col. 62: line 58 – Col. 64: line 56; Claim 1, Claim 12, Claim 13 | Proposed Construction:<br><br>A personal computer, monitor and printer, firearm and cartridge, scope and reticle, and at least two of the following peripheral devices: laser rangefinders, weather monitoring devices, and global positioning systems.<br><br>Intrinsic Evidence:<br><br>Col. 6, l. 63 – col. 7, l. 5; col. 8, ll. 32-64; col. 18, ll. 9-12; col. 19, l. 58-col. 20, l. 67; col. 21, ll. 24-51; col. 22, ll. 47-59; col. 29, l. 55 – col. 3, l. 2; col. 32, ll. 15-42; col. 33, l. 5 – col. 34, l. 42; col. 35, ll. 30-50; col. 46, ll. 4-13; col. 46, l. 66 – col. 47, l. 10; col. 62, l. 47 – col. 64, l. 56. |
| **intersects/intersection** | Plain meaning; not indefinite. | Proposed Construction: |

---

[1] Horus Vision reserves the right to rely on any intrinsic and/or extrinsic evidence cited by Applied Ballistics to support Horus Vision's proposed constructions and/or rebut Applied Ballistics' proposed constructions.
[2] Applied Ballistics reserves the right to rely on any intrinsic and/or extrinsic evidence cited by Horus Vision to support Applied Ballistics' proposed constructions and/or rebut Horus Vision's proposed constructions.

1

**EXHIBIT A**
**Joint Claim Construction and Prehearing Statement – Patent L.R. 4-3**
*Horus Vision, LLC v. Applied Ballistics, LLC et al.*, **5:14-cv-05206-BLF-HRL**
**U.S. Patent 8,893,971**

| CLAIM TERM | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE[1] | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE[2] |
|---|---|---|
| ('971 Patent, claims 1(a)(ii), 1(a)(vi), 7) | Proposed Construction:<br><br>"intersects" and "intersection" should have their common and well-understood meaning.<br><br>The intersection of cross-hairs need not be visibly depicted, but may instead be inferred from context.[3]<br><br>Intrinsic Evidence:<br><br>'971 Patent: Figure 15; Figure 32; Figure 37; Figures 38a-o; Figures 44a-e; Figures 48a-b; Figures 50a-b; Figures 53a-c; Figures 55a-s; Col. 4: lines 4-65; Col. 6: lines 1-6; Col. 9: lines 59-64; Col. 11: lines 13-15, 42-64; Col. 13: line 1–Col.1 line 59 Col. 23: line 46-67; Col. 24: 25-35; Col. 25: line 39 – Col. 26: line 6; Col. 27: lined 35-56; Col. 41: lines 7-33; Col. 43 –Col. 46: line 31; Col. 49: line 5 – Col. 62: line 34; Claim 1; Claim 7<br><br>Extrinsic Evidence: | "meets and crosses at a point."<br><br>Intrinsic Evidence:<br><br>Office Action Mailed March 16, 2009 and Amendment and Response thereto at 10 (citing *Merriam-Webster's Dictionary*) from file history of U.S. Patent Application No. 11/389,723 (U.S. Patent No. 7,937,878).<br><br>Extrinsic Evidence:<br><br>*Merriam-Webster's Collegiate Dictionary* (10th Ed. 1998) ("*Merriam-Webster's*") at 612. |

2

---

[3] *See* "Order Construing Claim Terms of US Patent NO 7,937,878," Civ. No. 5:13-cv-05460-BLF (N.D. Cal. Dec. 9, 2014) at 15; *see also* App. A of *id.* at 2.

# EXHIBIT A
## Joint Claim Construction and Prehearing Statement – Patent L.R. 4-3
### *Horus Vision, LLC v. Applied Ballistics, LLC et al.*, 5:14-cv-05206-BLF-HRL
### U.S. Patent 8,893,971

| CLAIM TERM | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE[1] | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE[2] |
|---|---|---|
| | The American Heritage College Dictionary, 3rd edition, Houghton Mifflin Company (Boston, New York), 1993 ("*American Heritage*") at 711. Horus Vision reserves the right to offer expert testimony to rebut any expert testimony offered by Defendants regarding the construction of this term. | |
| **lead markings** ('971 Patent, claims 1(a)(iii), 1(a)(iv)) | Plain meaning; not indefinite. Proposed Construction: If a construction is required, the element should be construed to mean "markings on a reticle that allow for assessment of rate of movement of a target along a cross-hair" Intrinsic Evidence: '971 Patent: Figures 44a-e; Figures 45a-f; Figures 46a-d; Figures 54a-q; Figures 55a-s; Col. 7: line 6 – Col. 8: line 64; Col. 13: line 1 – Col. 14:4; Col. 15: line 64 – Col. 16: line 59; Col. 46: line 49 – Col. 48: line 30; Col. 50: line 8 – Col. 52: line 48; Col. 54: lines 35-52; Col. 55: lines 1-28; Col. 56: line 57 – Col. 58: line 67; Col. 62: lines 47-67; Claim 1 | Proposed Construction: Cannot be construed. Intrinsic Evidence: Col. 7, ll. 25-33; col. 7, ll. 43-44; col. 13, ll. 15 – col. 14, l. 3; col. 15, l. 64 – col. 16, l. 3; col. 16, ll. 9-59; col. 46, ll. 49-67; col. 47, ll. 1 - col. 48, ll. 30; col. 49, l. 51 – col. 50, l. 67; col. 51, ll. 1-15. Extrinsic Evidence: Expert opinion of Det./Sgt. Matt Campbell, who will testify that the term "lead markings" in the '971 patent generally, including claim 1, is used in a vague and unclear manner. To begin, the patent never defines lead markings. Instead, the patent says that lead markings can be anywhere, or |

3

**EXHIBIT A**
**Joint Claim Construction and Prehearing Statement – Patent L.R. 4-3**
*Horus Vision, LLC v. Applied Ballistics, LLC et al.*, 5:14-cv-05206-BLF-HRL
**U.S. Patent 8,893,971**

| CLAIM TERM | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE[1] | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE[2] |
|---|---|---|
|  | Extrinsic Evidence[4]:<br><br>Horus Vision reserves the right to offer rebuttal expert testimony to any expert testimony offered by Defendants.<br><br>Specifically, Horus Vision intends to offer expert testimony from Mike Lamb (USMC Ret.) that will rebut testimony from Defendants' expert that "the term 'lead markings' in the '971 patent generally, including claim 1, is used in a vague and unclear manner", or that the term "lead markings" as used in the '971 patent is otherwise indefinite.<br><br>Horus Vision also expects to offer expert testimony directed to the issue of proper construction and evaluation for definiteness of the term in the context of the asserted claim element, which recites "vertical lead markings." | almost anywhere, on the reticle and can be any shape, configuration, or color. There can be any number of them, as long as it is at least three. They can be evenly or unevenly spaced or both, according to the patent (even though uneven spacing would make it particularly complex to use them to indicate a rate of movement).<br><br>The confusion over the meaning of "lead markings" stems in part from the use of other terms in the patent. Claim 1 and the patent use the terms primary horizontal cross-hair, primary vertical cross-hair, secondary horizontal cross-hairs, secondary vertical cross-hairs, and rangefinder markings. Normally I would expect these different terms to refer to different features of the reticle because they are given different names and because they typically refer to different things in the long-range shooting community. However, the patent states that the lead markings can be secondary cross-hairs. The patent also says lead markings and rangefinder markings can be the same as identification markings and rangefinder markings. The patent describes identification markings using broad language similar to its description of lead markings.<br><br>In other words, the patent says that any marking, |

---

[4] Applied Ballistics objects to Horus's disclosure of proposed expert testimony as untimely and insufficient.

4

**EXHIBIT A**
**Joint Claim Construction and Prehearing Statement – Patent L.R. 4-3**
*Horus Vision, LLC v. Applied Ballistics, LLC et al.*, 5:14-cv-05206-BLF-HRL
**U.S. Patent 8,893,971**

| CLAIM TERM | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE[1] | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE[2] |
|---|---|---|
| | | anywhere on a reticle, can be a lead marking, without ever defining the term. The reader has no way to distinguish lead markings from other markings, such as cross-hairs or rangefinder markings. In fact, the patent says lead markings can be the same as cross-hairs and rangefinder markings. By including everything as a lead marking, the patent does not define lead markings as anything. Other than the specific examples where the patent tells the reader what the lead markings are, such as Figure 45b, the reader of the patent has no way to look at a reticle and identify any particular marking as a lead marking, as opposed to any other type of marking. |
| **Claim 1 element b) as a whole**<br><br>('971 Patent, claim 1(b)) | Plain meaning.<br><br>Intrinsic Evidence:<br><br>'971 Patent: Col. 6: line 7 – Col. 7: line 5; Col. 8: line 44-64; Figure 18; Col. 10: lines 23-30; Figure 42; Col. 12: lines 54-56; Col. 21: line 24 – Col. 22: line 59; Col. 27: line 6-34; Col. 29: line 52 – Col. 43: line 53;  Col. 47: line 2-10; Col. 62: line 58 – Col. 64: line 56; Claim 1 | Proposed Construction:<br><br>This element requires the user to enter information on all of the factors listed, *i.e.*, external conditions, a projectile, a relation of the shooter to the target, *and* a ballistics drag model *and* ballistic coefficient.<br><br>Intrinsic Evidence:<br><br>Col. 30, l. 46 – col. 31, l. 43; col. 31, l. 64 – col. 33, l. 2; col. 34, l. 33 – col. 35, l. 57; col. 62, l. 47 – col. 63, l. 38; col. 64, l. 35-56. |

**EXHIBIT A**
**Joint Claim Construction and Prehearing Statement – Patent L.R. 4-3**
*Horus Vision, LLC v. Applied Ballistics, LLC et al.*, **5:14-cv-05206-BLF-HRL**
**U.S. Patent 8,893,971**

| CLAIM TERM | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE[1] | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE[2] |
|---|---|---|
| **Information…regarding…a projectile**<br><br>('971 Patent, claims 1(b), 1(b)(ii), 1(c)) | Plain meaning.<br><br>Intrinsic Evidence:<br><br>'971 Patent: Figures 18a-h; Col. 6: lines 7-41; Col. 8: lines 44-64; Col. 10: lines 23-30; Col. 17: lines 4-40; Col. 22: lines 47-49; Col. 26: lines 7-22; Col. 31: line 62 – Col. 33: line 2; Col. 39: lines 25-53; Col.63: lines 1-38; Col. 64: lines 35-56; Claim 1 | Proposed Construction:<br><br>Information regarding a projectile means its weight in grains or some other measure, form factor, cross-sectional area, cross-sectional density, angle of departure, or muzzle velocity. It does not include the projectile's ballistic coefficient.<br><br>Intrinsic Evidence:<br><br>Col. 31, l. 64 – col. 33, l. 2; claim 1. |
| **Information…regarding…a ballistics drag model and ballistic coefficient**<br><br>('971 Patent, claims 1(b), 1(b)(iv), 1(c)) | Plain meaning.<br><br>Intrinsic Evidence:<br><br>'971 Patent: Col. 6: lines 7-41; Col. 8: lines 33-64; Col. 27: lines 19-34; Col. 32: lines 15-42 Col. 36: lines 22-42; Col. 39: lines 25-53; Col. 53: line 49 – Col. 54: line 67; Col. 59: line 33 – Col. 60: line 51; Col. 62: line 47 - Col. 63: line 38; Col. 64: lines 35-56; Claim 1 | Proposed Construction:<br><br>This element requires the user to enter information concerning both a ballistics drag model and ballistic coefficient. "Ballistic coefficient" is as exemplified by William Davis, American Rifleman, March, 1989.<br><br>Intrinsic Evidence:<br><br>Col. 6, ll. 7-41; col. 32, ll. 15-42; col. 62, l. 47 – col. 63, l. 38; claim 1; William Davis, American Rifleman, March, 1989. |

**EXHIBIT A**
**Joint Claim Construction and Prehearing Statement – Patent L.R. 4-3**
*Horus Vision, LLC v. Applied Ballistics, LLC et al.*, **5:14-cv-05206-BLF-HRL**
**U.S. Patent 8,893,971**

| CLAIM TERM | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE[1] | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE[2] |
|---|---|---|
| | | Extrinsic Evidence: William Davis, American Rifleman, March, 1989. |
| **Claim 1 element c) as a whole** ('971 Patent, claim 1(c)) | Plain meaning. Intrinsic Evidence: '971 Patent: Col. 29: line 52 – Col. 43: line 53; Claim 1; Claim 9; Claim 11 | Proposed Construction: This element requires the ballistics computer program to calculate aiming information using information on all of the factors listed, *i.e.*, the target acquisition device *and* external conditions, a projectile, a relation of the shooter to the target, *and* a ballistics drag model *and* ballistic coefficient. "Ballistic coefficient" is as exemplified by William Davis, American Rifleman, March, 1989. Intrinsic Evidence: Col. 30, l. 46 – col. 31, l. 43; col. 31, l. 64 – col. 33, l. 2; col. 33, ll. 4-47; col. 34, l. 33 – col. 35, l. 57; col. 62, l. 47 – col. 63, l. 38; col. 64, l. 35-56. William Davis, American Rifleman, March, 1989. Extrinsic Evidence: |

7

**EXHIBIT A**
**Joint Claim Construction and Prehearing Statement – Patent L.R. 4-3**
*Horus Vision, LLC v. Applied Ballistics, LLC et al.*, 5:14-cv-05206-BLF-HRL
**U.S. Patent 8,893,971**

| CLAIM TERM | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE[1] | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE[2] |
|---|---|---|
| **wherein said reticle is as shown in FIG. [or FIGS.]** ('971 Patent, claims, 2, 3, 4) | Plain meaning. <br><br> Intrinsic Evidence: <br><br> '971 Patent: Figures 54a-s; Col. 15: line 64 – Col. 16: line 23; Claim 3; Claim 4; Office Action Response filed 9-17-2014 | Extrinsic evidence: William Davis, American Rifleman, March, 1989. <br><br> Proposed Construction: <br><br> The reticle must appear exactly as it does in the relevant Figure or Figures. |
| **interrupted intersection** ('971 Patent, claim 7) | Plain meaning. <br><br> Proposed Construction: <br><br> If a construction is required, the element should be construed to mean "an intersection of lines with a gap or shape at the junction." <br><br> Intrinsic Evidence: <br><br> '971 Patent: Figure 12; Figure 32; Figures 35a-b; Figures 44a-e; Figure 48b; Figure 50b; Figures 51a-au; Figures 52a-au; Col. 7: lines 34-44; Col. 9: lines 41-44; Col. 11: lines 13-35; Col. 13: line 1-14; Col. 14: line 15 – 15: line 43; Col. 45: | Proposed Construction: <br><br> An intersection is a point where two lines meet and cross. An interrupted intersection is a point where two lines would meet and cross but one or both of the lines stops before reaching that point and then picks up on the other side of that point and continues on for some distance. <br><br> This term is indefinite if the intersection need not be visibly depicted, but may instead be inferred from context, as in Figure 32. <br><br> Intrinsic Evidence: <br><br> File history of '971 patent (U.S. Patent |

**EXHIBIT A**
**Joint Claim Construction and Prehearing Statement – Patent L.R. 4-3**
*Horus Vision, LLC v. Applied Ballistics, LLC et al.*, **5:14-cv-05206-BLF-HRL**
**U.S. Patent 8,893,971**

| CLAIM TERM | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE[1] | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE[2] |
|---|---|---|
| | lines 53-55; Col. 46: lines 22-31; Col. 49: lines 10-30; Claim 7<br><br>Extrinsic Evidence:<br><br>*American Heritage* at 711.<br><br>Horus Vision reserves the right to offer expert testimony to rebut any expert testimony offered by Defendants regarding the construction and definiteness of this term. | Application No. 14/307,153), including the original application filed June 17, 2014 and Response to Notice to File Corrected Application Papers and Preliminary Amendment filed on or about July 10, 2014.<br><br>Extrinsic Evidence:<br><br>Plaintiff's List of Claim Terms to be Construed in *Horus Vision, LLC v. Applied Ballistics, LLC*, Case No: 5:13-cv-05460 (N.D. Cal.) ("the 2013 Case"); Defendants' Preliminary Claim Constructions and Extrinsic Evidence in the 2013 Case. |